

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANN LYNNE MIRANDONA ROSE | CIVIL ACTION |
| VERSUS | NO. 05-3102 |
| TENNESSEE GAS TRANSMISSION COMPANY, TENNESSEE GAS PIPELINE COMPANY, POPICH MARINE CONSTRUCTION COMPANY | SECTION "T" (4) |

This cause came for hearing upon the Plaintiffs' Motion for Class Certification (Doc. 8). The Defendants opposed the motion. The matter was taken under submission on May 3rd, 2006. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I. Background**

Plaintiff is the 1/9 owner of a piece of property which, according to her Petition, is subject to a Right of Way Agreement created by a judgment in a property condemnation suit between Violet Trapping Co. and Tennessee Gas Transmission. She alleges that the defendants dredged two pipelines across her property, the second of which was subject to orders entered by the state court

in Tennessee Gas Transmissions v. Violet Trapping Co., Inc., 200 So.2d 428 (La. App. 4th Cir. 1967). The plaintiff now asserts that the defendants have failed to maintain its Right of Way, which in turn eroded the surrounding marshland.

The plaintiff contends that (1) defendants were negligent in their alleged failure to maintain the constructions and prevent damage to plaintiff's property, (2) defendants allegedly breached their duty towards plaintiff's servient estate, and (3) defendants allegedly trespassed on plaintiff's property. The plaintiff filed the instant action in the Civil District Court for the Parish of Orleans, purporting to represent a "class of Petitioners." The defendants removed the case to this Court, and have answered, denying any liability.

## II. Legal Analysis

### A. Rule 23 of the Federal Rules of Civil Procedure:

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class action lawsuits. See generally Fed. R. Civ. P. 23. Rule 23 is aimed at preventing the problem of wasteful and uneconomical multiple individual actions. See Roper v. Consurve, Inc., 578 F.2d 1106, 1114 (5th Cir. 1978) (quoting Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968)). In order to qualify as a class under Rule 23, a plaintiff must prove that the proposed class satisfies the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). See Fed. R. Civ. P. 23. The district court has broad discretion in deciding whether or not to certify a class under Rule 23; however, in making such a decision, the court must "conduct a reasoned and thorough analysis." Musmeci v. Schwegmann Giant Super Markets, et al., No.Civ.A. 97-2757, 2000 WL 1010254, at *1 (E.D.L.A July 20, 2000).

In determining whether certification as a class is warranted in a particular case, the Court must first look at Rule 23(a) of the Federal Rules of Civil Procedure. Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so *numerous* that joinder of all members is impracticable, (2) there are *questions of law or fact common* to the class, (3) the claims or defenses of the representative parties are *typical* of the claims or defenses of the class, and (4) the representative parties will *fairly and adequately protect* the interests of the class.

Fed. R. Civ. P. 23(a)(emphasis added).

These four requirements are often referred to as numerosity, commonality, typicality, and adequacy of representation. See e.g. Mullen v. Treasure Chest Casino, L.L.C., 186 F.3d 620, 623 (5th Cir. 1999).

Once a plaintiff satisfies all four requirements set out in Rule 23(a), the plaintiff must demonstrate that the proposed class satisfies one of the subdivisions of Rule 23(b) in order to obtain class certification. See generally Rule 23(b). In meeting this burden, a plaintiff must prove either: (1) that if separate actions are maintained, inconsistent adjudications will result or non-parties' interests will be substantially impaired; (2) that final injunctive or declaratory relief is appropriate as to the class as a whole; or (3) that questions of law or fact common to the class members predominate over any individual claims, and that a class action is superior to other methods of adjudication. See Rule 23(b)(1)-(3). If the court is satisfied that the plaintiff meets all four requirements of Rule 23(a) and any one of the aforementioned requirements of Rule 23(b), then the court will grant the plaintiffs' motion for class certification.

3

## II. Application of the Law to the Facts:

### A. Rule 23(a)(1) Numerosity

In order to satisfy the first prong of Rule 23(a), a plaintiff must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In determining whether a proposed class of plaintiffs meets the numerosity requirement, a court will first consider the size of the class in question; however, a court will also consider factors such as the ease with which the class members may be identified, the nature of the action, and the size of each plaintiff's claim in making its determination. See Mullen, 186 F.3d at 624-25.

With respect to numerosity in the present action, the Court finds that the plaintiff has failed to meet its burden. The plaintiff has failed to provide the Court with any evidence or a reasonable estimate of the purported class members or class size. Nor is there any evidence provided to the Court which would establish an objectively ascertainable class definition. The only reference to the purported class made in support of the numerosity requirement of Rule 23(a)(1) is plaintiff's self serving statement that "...there are a large number of potential claimants who owned property and sustained direct and/or consequential injury and damage. Consequently, there can be no doubt that the numerosity requirement has been met." Plaintiff's state court Petition is equally deficient. Numerosity cannot be established simply by an allegation that a large number of potential claimants in an area exists. *Becnel v. United Gas Pipeline Co.,* 613 So.2d 1155 (La.App.5th Cir.1993). The numerosity element has not been proved.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Class Certification be and is hereby is

4

**DENIED.**

New Orleans, Louisiana this 10th day of May, 2006.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE